UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LAPRADE'S MARINA, LLC, | CASE NUMBER 15-20697-JRS |
| Debtor. | |
| MULTIBANK 2009-1 CRE VENTURE, LLC, | |
| Movant, | |
| v. | |
| LAPRADE'S MARINA, LLC, | |
| Respondent. | |

## MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO ONE UNDER CHAPTER 7

COMES NOW Multibank 2009-1 CRE Venture, LLC ("Multibank"), and files this Motion to Convert Debtor's Chapter 11 Case to One Under Chapter 7 (the "Motion"). In support of this Motion, Multibank states as follows:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. § 151, 157 and 1334.

2. LaPrade's Marina, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 6, 2015 (the "Petition Date").

3. Pursuant to certain loan documents held by Multibank (the "Loan Documents"), Multibank held a first priority lien in certain real property and improvements being operated as a marina in Rabun County, Georgia on Lake Burton (the "Real Property"), as well as certain personal property (the "General Collateral"; collectively, the Real Property and General Collateral are hereinafter referred to as the "Collateral").

10492654 v2

4. As of the Petition Date, Debtor was indebted to Multibank pursuant to the Loan Documents in the principal amount of approximately $5,535,000.00, plus accrued interest, expenses and attorney's fees.

5. An Order Granting Motion to Lift Stay filed by Multibank was entered in this matter on June 22, 2016, lifting the automatic stay to permit and authorize Multibank to pursue its rights and remedies under the terms of the Loan Documents and state law with respect to the Collateral, including, but not limited to, institution of foreclosure proceedings with respect to the Collateral.

6. Prior to the foreclosure, Multibank requested and was granted authority from the Court to conduct a 2004 examination of Peter Anzo, the principal of the Debtor ("Anzo"), for the purpose of having Anzo testify regarding information necessary for an orderly transition of the Collateral from Debtor to the purchaser at foreclosure. Additionally, Anzo was ordered to produce certain documents relative to his testimony.

7. The 2004 examination Anzo was conducted on August 24, 2016. During the examination, Multibank learned that at some point prior to the Debtor's bankruptcy filing, Anzo "retired" the rental boat fleet owned by the Debtor and began operating the boat rental business under a company named Performance Consulting Partners, LLC, a Delaware company ("PCP"). According to Anzo's testimony, the boat rental business was operated by him as Manager on behalf of PCP and was operated on the Debtor's property.

8. Additionally, Anzo testified that PCP had purchased at least one of the Debtor's "retired" boats for use in PCP's boat rental business. Further, Anzo testified that the boat rental business produced substantial revenues. No information regarding the transition of the Debtor's boat rental business to PCP was disclosed when the Debtor filed bankruptcy.

9. Counsel for Multibank has filed a Motion for Order Authorizing Rule 2004 Examination of PCP in order to determine (a) whether income from the rental boat business was improperly diverted from the Debtor to PCP or Anzo or any other third party, (b) whether any boats owned by the Debtor were used by PCP or were improperly transferred to PCP, and (c) whether Debtor's funds were used to purchase any of PCP's current rental boat fleet.

10. Multibank foreclosed the Collateral on September 6, 2016. Multibank's affiliated entity, MB REO-GA Marina, LLC ("MB") was the purchaser at the foreclosure. Anzo was present at the foreclosure and gave counsel for Mulitbank a bag with keys and a list of login information and passwords for the computer and software programs.

11. Since the foreclosure, Anzo has interfered with transition of the Collateral to MB. Upon arrival at the property following foreclosure, MB found the phone and internet service disconnected, the login information and passwords to be incorrect, and the fuel tank to be empty or drained. In addition, Anzo took other actions to disrupt transition which include, but are not limited to, appropriating the marina telephone number for his use, removing and withholding business records of the Debtor, deleting information from the computer, taking equipment belonging to the Debtor necessary to move docks, repeatedly calling and texting former employees of the Debtor who are now employed by the property manager retained by MB, and sending emails to customers of the marina which denigrated both Multibank and the new property manager.

12. In addition, Anzo has not vacated three spaces located at the marina in which he asserted an interest as a tenant with the Debtor: an office for Re/Max of Rabun (a real estate company with whom Anzo is a sales associate), Pete's Place, LLC (the operator of the pizza shop) which is 60% owned by Anzo, a fact not disclosed until the August 2004 exam, and PCP

(the alleged operator of the boat rental business) with an alleged oral lease for an office in the boat shop building, none of which was disclosed until the August 2004 exam. Each of these spaces remains locked and under control of Anzo. MB filed and served eviction proceedings with respect to all three of these alleged tenants. Anzo has retained counsel to file answers on behalf of PCP and Pete's Place, LLC asserting they have valid leasehold interests and are entitled to remain on the property through October 31, 2016.

13. MB is still attempting to sort out the ownership of a number of boats currently docked at the marina which Anzo asserts belong to PCP. As of the date of foreclosure, none of the boats in question were registered in the name of either Anzo or PCP. MB informed Anzo that in order to remove any boat that he needs to provide proper documentation of ownership. Anzo has produced copies of Bills of Sale with respect to several of the boats and removed them. In addition, however, Anzo has come to the property, armed with a firearm, and cut the chains to several boats and left with them without providing adequate documentation as to ownership, see photo attached as Exhibit "A".

14. Multibank believes it is appropriate that the Debtor's bankruptcy case be kept open so that this Court retains jurisdiction over the Debtor and Anzo with respect the outstanding issues mentioned above and other issues that may arise.

15. Debtor filed a Motion to Dismiss the bankruptcy case on or about August 10, 2016 [Doc 199] (the "Motion to Dismiss"). The Motion to Dismiss was initially scheduled for hearing on September 13, 2016 and subsequent rescheduled to be held September 27, 2016. Multibank filed an Objection to the Motion to Dismiss, setting forth the same allegations as set forth herein. On the eve of the hearing, Debtor's counsel contacted Multibank's counsel and informed him that because of a scheduling conflict, the Debtor intended to reschedule the

hearing. Shortly thereafter, Debtor's counsel filed an Amended Notice rescheduling the hearing on the Motion to Dismiss for October 25, 2016.

16. As indicated, Anzo has been on site at the marina almost daily since the foreclosure. Despite the objections of the property manager, Anzo continues to remove boats and trailers, as recently as Tuesday, September 27, 2016, without appropriate paperwork.

17. Multibank believes it is in the best interest of the bankruptcy estate that the case be converted to a Chapter 7 case and that a Chapter 7 Trustee be immediately appointed.

WHEREFORE, Multibank requests that the Court (a) schedule a hearing with respect to this Motion, and (b) grant additional injunctive relief as the Court may deem appropriate.

MORRIS, MANNING & MARTIN, LLP

By: /s/ David W. Cranshaw
David W. Cranshaw, Esq.
Georgia Bar No. 193450

3343 Peachtree Road, NE
1600 Atlanta Financial Center
Atlanta, Georgia 30326
(404) 233-7000

*Counsel to Multibank 2009-1 CRE Venture, LLC*



EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LAPRADE'S MARINA, LLC, | CASE NUMBER 15-20697-JRS |
| Debtor. | |
| MULTIBANK 2009-1 CRE VENTURE, LLC, | |
| Movant, | |
| v. | |
| LAPRADE'S MARINA, LLC, | |
| Respondent. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing MOTION TO CONVERT DEBTOR'S CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 upon:

John A. Christy
J. Carole Thompson Hord
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4516

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303

This 27th day of September, 2016.

/s/ David W. Cranshaw
David W. Cranshaw
Georgia Bar No. 193450

Morris, Manning & Martin, LLP
3343 Peachtree Road, N.E.
1600 Atlanta Financial Center
Atlanta, Georgia 30326
(404) 233-7000

*Counsel for Multibank 2009-1 CRE Venture, LLC*