IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LAPRADE'S MARINA, LLC, | CASE NO. 15-20697-jrs |
| Debtor. | |
| MULTIBANK 2009-1 CRE VENTURE, LLC, | |
| Movant, | |
| v. | CONTESTED MATTER |
| LAPRADE'S MARINE, LLC, | |
| Respondent. | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Multibank 2009-1 CRE Venture, LLC ("Multibank") has filed a Motion to Hold Performance Consulting Partners, LLC and Peter D. Anzo, Manager of Performance Consulting Partners, LLC in Civil Contempt and to Impose Sanctions for Failure to Comply with Subpoena and Order (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion on December 20, 2016 at 1:30 p.m., in Courtroom 1404, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Court at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, Richard B. Russell Federal Building and U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your responses to the undersigned at the address stated below.

Dated: November 21, 2016

Morris, Manning & Martin, LLP
3343 Peachtree Road, NE, Ste 1600
Atlanta, Georgia 30326
(404) 233-7000

/s/ David W. Cranshaw
David W. Cranshaw
Georgia Bar No. 193450

9643518 v1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NUMBER 15-20697-JRS |
|     Debtor. | : | |
| | : | |
| MULTIBANK 2009-1 CRE VENTURE, LLC, | : | |
|     Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| LAPRADE'S MARINA, LLC, | : | |
|     Respondent. | : | |

## MULTIBANK 2009-1 CRE VENTURE, LLC'S MOTION TO HOLD PERFORMANCE CONSULTING PARTNERS, LLC AND PETER D. ANZO, MANAGER OF PERFORMANCE CONSULTING PARTNERS, LLC IN CIVIL CONTEMPT AND TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY WITH SUBPOENA AND ORDER

Multibank 2009-1 CRE Venture, LLC ("Multibank"), by and through its attorney, respectfully submits this Motion to Hold Performance Consulting Partners, LLC and Peter D. Anzo, Manager of Performance Consulting Partners, LLC in Civil Contempt and to Impose Sanctions for Failure to Comply with Subpoena and Order (the "Motion") pursuant to Fed. R. Bankr. P. 2004(c) and 9016 and Fed. R. Civ. P. 45. As demonstrated below, Performance Consulting Partners, LLC ("PCP") and Peter D. Anzo, Manager of PCP ("Anzo") have willfully failed and refused to produce documents in compliance with an Order entered by this Court and a Subpoena issued pursuant to the Order. Therefore, the Motion should be granted.

**I.     FACTUAL BACKGROUND**

1. On April 6, 2015, LaPrade's Marina, LLC (the "Debtor") filed a voluntary petition under Chapter 11 of Title 11, United States Code (the "Petition Date").

10572648 v1

2. This Court has jurisdiction herein to decide this motion pursuant to 28. U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

3. The Debtor owned and operated a marina in Rabun County, Georgia on Lake Burton (the "Real Property").

4. Pursuant to certain loan documents held by Multibank (the "Loan Documents"), Multibank held a first priority lien in the Real Property, the improvements, fixtures and all personal property owned by the Debtor (the "General Collateral"; collectively, together with the Real Property, the "Collateral").

5. As of the Petition Date, Debtor was indebted to Multibank pursuant to the Loan Documents in the principal amount of approximately $5,535,000.00, plus accrued interest, expenses and attorney's fees.

6. An Order Granting Motion to Lift Stay filed by Multibank was entered in this matter on June 22, 2016, lifting the automatic stay to permit and authorize Multibank to pursue its rights and remedies under the terms of the Loan Documents and state law with respect to the Collateral, including, but not limited to, institution of foreclosure proceedings with respect to the Collateral.

7. Multibank foreclosed the Collateral on September 6, 2016. Multibank's affiliated entity, MB REO-GA Marina, LLC ("MB") was the winning bidder at the foreclosure with a bid price of $4,500,000.00.

8. After credit of the foreclosure bid to the outstanding obligations, Multibank holds a general unsecured claim in this case in an amount in excess of $1,300,000.00.

9. Prior to the foreclosure, Multibank requested and received authority from the Court to conduct a 2004 examination of Anzo, the principal of the Debtor, for the purpose of

having Anzo testify regarding information necessary for an orderly transition of the Collateral from Debtor to the purchaser at foreclosure. Additionally, Anzo was ordered to produce certain documents relative to his testimony.

10. The 2004 examination of Anzo was conducted on August 24, 2016. During the examination, Multibank learned that at some point prior to the Debtor's bankruptcy filing, Anzo made the decision that the Debtor would no longer operate a boat rental business. Instead, Anzo "retired" the rental boat fleet owned by the Debtor and began operating the boat rental business under PCP. According to Anzo's testimony, the boat rental business was operated by him as Manager on behalf of PCP and was operated on the Debtor's property.

11. Further, Anzo's testimony was that the boat rental business produced "substantial" revenues. No information regarding the transition of the Debtor's boat rental business to PCP was disclosed when the Debtor filed bankruptcy.

12. The testimony given by Anzo in the August 24, 2016 2004 exam and earlier testimony given by Anzo in December, 2015 and January, 2016 was inconsistent in a number of respects, but particularly so with respect to PCP.

13. As a direct result of such inconsistent testimony, in September, 2016, Multibank requested authorization from this Court to conduct a 2004 examination of PCP and, pursuant to an Amended Order Authorizing 2004 Examination of Performance Consulting Partners, LLC [Doc 213] (the "PCP 2004 Order") entered by this Court granting such authorization, Multibank issued a Subpoena to PCP (the "Subpoena"). On Thursday, September 29, 2016, a copy of the PCP 2004 Order and the Subpoena was personally served on Anzo, the Manager of PCP, at the law offices of Morris, Manning & Martin, LLP by David W. Cranshaw, Esq., along with a check in the amount of $69.69 for fees and mileage was tendered to Anzo.

14.  In accordance with Fed. R. Civ. P. 45, as made applicable by Fed. R. Bankr. P. 9016, Multibank filed a Notice of 2004 Examination of PCP on September 22, 2016 (prior to personal service of the Subpoena on Anzo) and properly served the Notice on the appropriate parties via U.S. Mail.

15.  The PCP 2004 Order and the Subpoena contained the date of October 6, 2016 for the PCP 2004 exam. On or about October 4, 2016, counsel for Multibank was contacted by Scott B. Riddle, Esq., who informed counsel for Multibank that he would be representing PCP and requesting that the exam be rescheduled.

16.  On October 11, 2016, PCP filed a Motion to Quash the Subpoena and Objection to Notice of Rule 2004 Examination (the "Motion to Quash"). After a hearing on the Motion to Quash on November 8, 2016, an Order Denying the Motion to Quash [Doc 299] was entered on November 9, 2016, denying the Motion to Quash and directing Anzo, as Manager of PCP, to comply with the PCP 2004 Orders.

17.  During the month of October, 2016 while reviewing a cd of financial records of the Debtor provided to Multibank by a creditor of the Debtor, Mr. Dallas Hurston[1], Multibank discovered copies of sales tax returns of the Debtor for 2012, 2013 and January through August, 2014. These sales tax returns of the Debtor showed that the Debtor paid sales tax for boat rental income of approximately $300,000 per year for 2012, 2013 and 2014. This amount of boat rental income is substantially more than the boat rental income of approximately $18,000 per year shown on financial statements of the Debtor for 2012, 2013 and 2014 which were submitted to Multibank by Anzo, were submitted to this Court and authenticated by Anzo and were used to show historical income for the Debtor in the Plans and Disclosure Statements filed in this matter.

---

[1] The cd of financial documents of the Debtor was produced to Mr. Dallas Hurston in pre-bankruptcy litigation between Mr. Dallas Hurston and the Debtor.

Upon discovering this information, it became clear to Multibank that Anzo had submitted fraudulent financial information for the Debtor and concealed the true amount of the boat rental income in an effort to divert the boat rental income from the Debtor directly to himself through PCP.

18. At the hearing on November 8, 2016, Anzo delivered a box of documents to counsel for Multibank. The box contained very little of what was requested in the Subpoena. Among the items included in the box were copies of bank statements from a PCP account held at Wells Fargo, which were heavily redacted. On November 9, 2016, counsel for Multibank emailed Mr. Riddle, informed him that many of the requested documents were not produced and included a list of missing documents, which included (i) copies of any written agreements between the Debtor and PCP; (ii) documentation of the revenue generated by PCP from operation of the boat rental business at the marina in 2015; (iii) unredacted bank statements for PCP for the period beginning January, 2014 through current, including complete copies of the statements and all cancelled checks, front and back; (iv) PCP operating agreement and any amendments; and (v) PCP tax returns for the years 2013-2015.

19. Shortly thereafter, counsel for Multibank obtained proof of the existence of a second PCP account at E-Trade. No bank statements or other information regarding a PCP E-Trade account was included in the box of documents delivered to Multibank's counsel. Multibank is entitled to those bank statements as well, including copies of the fronts and backs of cancelled checks pursuant to the PCP 2004 Order and Subpoena.

20. On November 18, 2016, counsel for Multibank was informed by Mr. Riddle that Anzo would not be producing any further documents listed in the PCP 2004 Order and the Subpoena.

21. Multibank believes it is appropriate that this Court (i) find PCP and Anzo in civil contempt for PCP's and Anzo's failure and refusal to comply with the PCP 2004 Order and Subpoena; and (ii) impose either compensatory sanctions against PCP and Anzo to be paid to Multibank for its losses in attempting to enforce the PCP 2004 Order and Subpoena, or other non-compensatory sanctions against PCP and Anzo designed to coerce compliance with the PCP 2004 Order and Subpoena.

## II. ARGUMENT AND CITATION OF AUTHORITY

The PCP 2004 Order and the Subpoena ordered Anzo, as Manager of PCP, to appear for a 2004 exam and to provide the documents listed on an exhibit to the PCP 2004 Orders and the Subpoena to counsel for Multibank at least two (2) business days prior to the examination. Anzo has willfully failed and refused to comply with the PCP 2004 Order and the Subpoena. As set forth above, Multibank properly issued and served the Subpoena in accordance with Fed. R. Civ. P. 45, as made applicable by Fed. R. Bankr. P. 2004(c) and 9016. Pursuant to Fed. R. Civ. P. 45(g), this Court may "hold in contempt a person who, having been served [with a Subpoena], fails without adequate excuse to obey the subpoena or an order related to it." Federal courts have agreed that bankruptcy judges have the power to punish for civil contempt and that such civil contempt sanctions must be used to coerce compliance with a court order or compensate an injured party for any losses sustained because of the contemptuous behavior. See In re Stewart, 1995 U.S. Dist. LEXIS 22333 (M.D. Ga. June 7, 1995); Tebbetts v. Four Seasons MH Cmty., LLC (In re Somrak), 2015 U.S. Dist. LEXIS 161546 (D. Kan. Dec. 1, 2015); Norrie v. Pulos (In re Norrie), 2016 Bankr. LEXIS 3858 (B.A.P. 9th Cir. Oct. 26, 2016).

### III. CONCLUSION

For the foregoing reasons, Multibank respectfully requests that the Court enter an order granting this Motion, find PCP and Anzo in civil contempt for PCP's and Anzo's failure and refusal to comply with the PCP 2004 Order and Subpoena; and impose either compensatory sanctions against PCP and Anzo to be paid to Multibank for its losses in attempting to enforce the PCP 2004 Order and Subpoena, or other non-compensatory sanctions against PCP and Anzo designed to coerce compliance with the PCP 2004 Order and Subpoena.

Respectfully submitted, this 21st day of November, 2016.

MORRIS, MANNING & MARTIN, LLP

By: /s/ David W. Cranshaw
David W. Cranshaw
Georgia Bar No. 193450

1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia  30326
(404) 233-7000
*Counsel for Multibank 2009-1 CRE Venture, LLC*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LAPRADE'S MARINA, LLC, | CASE NUMBER 15-20697-JRS |
| Debtor. | |
| MULTIBANK 2009-1 CRE VENTURE, LLC, | |
| Movant, | |
| v. | CONTESTED MATTER |
| LAPRADE'S MARINA, LLC, | |
| Respondent. | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the within and foregoing **MULTIBANK 2009-1 CRE VENTURE, LLC'S MOTION TO HOLD PERFORMANCE CONSULTING PARTNERS, LLC AND PETER D. ANZO, MANAGER OF PERFORMANCE CONSULTING PARTNERS, LLC IN CIVIL CONTEMPT AND TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY WITH SUBPOENA AND ORDER and NOTICE OF HEARING** upon:

Peter Anzo
102 Bristol Lane
Clayton, Georgia  30525

Performance Consulting Partners, LLC
c/o Peter Anzo
102 Bristol Lane
Clayton, Georgia  30525

John A. Christy
J. Carole Thompson Hord
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-4516

James H. Morawetz
Office of the U.S. Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia  30303

Scott B. Riddle
Law Office of Scott B. Riddle, LLC
Suite 1800 Tower Place
3340 Peachtree Road NE
Atlanta, Georgia  30326

Performance Consulting Partners, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, Delaware  19801

Page 8 of 9

This 21st day of November, 2016.

        /s/ David W. Cranshaw
        David W. Cranshaw
        Georgia Bar No. 193450

Morris, Manning & Martin, LLP
3343 Peachtree Road, N.E.
1600 Atlanta Financial Center
Atlanta, Georgia 30326
(404) 233-7000
*Counsel for Multibank 2009-1 CRE Venture, LLC*