UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 15-20697-JRS |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CHAPTER 7 |
| | : | |
| DEBTOR. | : | |

**UNITED STATES TRUSTEE'S REPORT OF
UNDISPUTED CHAPTER 7 TRUSTEE ELECTION**

Pursuant to Federal Rule of Bankruptcy Procedure 2003(d)(1), Guy G. Gebhardt, Acting United States Trustee for Region 21, files this report of an undisputed trustee election.

1.  On April 6, 2015, LaPrade's Marina, LLC, ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. On or about November 17, 2016, the Court entered an order denying Debtor's motion to dismiss and granted the motion filed by Multibank 2009-1 CRE Venture, LLC, ("Multibank") to convert the case to chapter 7 [Dkt. No. 232]. Pursuant to 11 U.S.C. § 701, the United States Trustee appointed Betty A. Nappier to serve as interim chapter 7 trustee.

2.  Pursuant to 11 U.S.C. § 341, the initial meeting of creditors in the chapter 7 case was scheduled January 9, 2017. In advance of the January 9 meeting, the United States Trustee was advised that a trustee election would be requested and that the debtor's attorney had a conflict with the January 9th meeting date. Accordingly, the meeting was rescheduled to February 6, 2017.

3.  Counsel for the United States Trustee called to order the February 6

meeting. Present at the February 6 meeting were: David S. Weidenbaum, counsel for the United States Trustee; David W. Cranshaw, counsel for Multibank; Louis G. McBryan, counsel for Floating Docks Manufacturing Company ("Floating Docks"), Lake Perry Marina, LP, and Paul Haugen; and Dallas Hurston, a *pro se* creditor. Neither Debtor nor Debtor's attorney appeared at the meeting.[1]

3.  On February 3, 2017, Floating Docks, Lake Perry Marina, L.P., and Paul Haugen filed an objection to the amended proof of claim filed by Multibank (the "Objection") [Dkt. No. 260]. The basis of the Objection was that because Multibank did not seek nor obtain judicial confirmation of the foreclosure sale it had conducted during the case, it had no right to any deficiency claim against Debtor. (*See* Objection at ¶3). Multibank disputes the contention made in the Objection that it is not entitled to an unsecured deficiency claim.

4.  At the February 6 meeting, Multibank called for a trustee election. Multibank filed an amended proof of claim, indicating that it is an unsecured creditor and is owed $1,353,827.45 (*see* Claim 5-2).

5.  Floating Docks, Lake Perry Marina, L.P., and Paul Haugen, through their counsel, objected to Multibank's status as an unsecured creditor and therefore its ability to request a trustee election pursuant to 11 U.S.C. § 702(b). Multibank disagreed with the position taken by the objecting creditors.

6.  At the February 6 meeting, Dallas Hurston, holder of a proof of claim totaling $966,344.27, also called for a trustee election. (*See* Claim 4-1). The parties

---

[1] On February 6, 2017, the court entered an order authorizing the withdrawal of Debtor's counsel.

agreed that Mr. Hurston's claim, independent of Multibank's claim, satisfied the twenty (20) percent threshold set forth in section 702(b). As a result there was no dispute that Mr. Hurston was eligible to request a trustee election.

7.     The United States Trustee inquired of Multibank and Mr. Hurston as to whether there were any nominations for trustee. Both Multibank and Mr. Hurston nominated S. Gregory Hays to serve as trustee. Upon information and belief, Mr. Hays is willing and able to serve as trustee.

8.     Pursuant to section 702(c) the United States Trustee conducted an election. Multibank voted its claim totaling $1,353,827.45 in favor of S. Gregory Hays. Mr. Hurston voted his claim totaling $966,344.27 in favor of S. Gregory Hays.

9.     There were three other creditors present at the February 6 meeting: Floating Docks, Lake Perry Marina, L.P., and Paul Haugen. The parties agreed, however, that Paul Haugen is an insider and was therefore ineligible to vote pursuant to section 702(a)(3). Multibank and Mr. Hurston asserted that Lake Perry Marina, L.P., is an insider. This assertion was disputed by the creditor. Floating Docks voted its claim totaling $510,173.19 (*see* Claim 7-1) in favor of the interim trustee, Betty A. Nappier. If Lake Perry Marina, L.P.'s claim of $414,180 were counted, along with Floating Docks' claim of $510,173.19, the total vote in favor of retaining the interim trustee would be $924,323.19, which is less than the $966,344.27 Dallas Hurston claim, which was cast in favor of S. Gregory Hays.

10.    The total amount of claims (including the disputed Multibank claim) is $5,508,028.05. Twenty percent of that total is $1,101,605.61. Multibank's claim of

$1,353,827.45 would exceed the twenty percent threshold.

11. The total amount of claims not including the disputed Multibank claim totals $4,154,200.60. Twenty percent of that total is $830,840.12. Mr. Hurston's claim of $966,344.27 exceeds that total.

12. It appears to the United States Trustee that an election was legitimately requested and that based upon the claims voted at the election S. Gregory Hays was elected trustee in the case in an undisputed election.

13. The name and address of the elected trustee is: S. Gregory Hays; Hays Financial Consulting, LLC; 3343 Peachtree Road, Suite 200; Atlanta, GA 30326.

> GUY G. GEBHARDT
> ACTING UNITED STATES TRUSTEE
> REGION 21
>
> s/ David Weidenbaum
> David S. Weidenbaum
> Georgia Bar No. 745892
> *david.s.weidenbaum@usdoj.gov*
>
> s/ Jeneane Treace
> R. Jeneane Treace
> Georgia Bar No. 716620
> *jeneane.treace@usdoj.gov*
>
> United States Department of Justice
> Office of the United States Trustee
> 362 Richard Russell Federal Building
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303
> (404) 331-4437