**IT IS ORDERED as set forth below:**



**Date: March 23, 2017**

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | CHAPTER 7 |
| LAPRADE'S MARINA, LLC, | : | |
| | : | CASE NO. 15-20697-JRS |
| Debtor. | : | |
| | : | |
| PAUL HAUGEN, LAKE PERRY | : | |
| MARINA, LP, and FLOATING DOCK | : | |
| MFG., CO., INC., | : | CONTESTED MATTER |
| | : | |
| Movants, | : | |
| | : | |
| v. | : | |
| | : | |
| MULTIBANK 2009-1 CRE | : | |
| VENTURE, LLC, | : | |
| Respondent. | : | |

**ORDER ON OBJECTION TO PROOF OF CLAIM OF MULTIBANK
2009-1 CRE VENTURE, LLC, CLAIM NO. 5**

The issues before the Court are (1) whether the language in the stay relief order modifying the stay in this case to permit the foreclosure of real property also modified the stay

1

with respect to proceedings related to the confirmation of the sale under Georgia state law and (2) regardless of whether or not the order so modified the stay, whether the failure of the lender to report the sale within 30 days as required by Georgia law bars the lender from asserting a deficiency claim in this case and, if not, (3) whether a secured lender must confirm a non-judicial foreclosure sale on real property in Georgia in the superior court of the county in which the property is located pursuant to Georgia law in order to assert a deficiency claim in a bankruptcy case or whether a bankruptcy court can determine the issues in the foreclosure confirmation proceeding in the context of the claims allowance process.

The issues came before the Court in the Objection to Proof of Claim of Multibank 2009-1 CRE Venture, LLC, Claim No. 5 ("Multibank") filed by creditors Paul Haugen, Lake Perry Marina, LP, and Floating Docks Mfg. Co., Inc. (collectively, the "Creditors") [Docs. 260], as amended by the Amended Objection to Proof of Claim of Multibank 2009-1 CRE Venture, LLC, Claim No. 5 [Doc. 265] filed on February 17, 2017 (collectively, the "Objection"). Multibank 2009-1 CRE Venture, LLC ("Multibank") filed its response on March 7, 2017 [Doc. 271], and a hearing was held on the Objection on March 9, 2017. Counsel for both Multibank and the Creditors were present at the hearing, as was the counsel for the Chapter 7 Trustee.

**Background**

LaPrade's Marina, LLC (the "Debtor") filed its voluntary petition for Chapter 11 relief on April 5, 2015. [Doc. 1]. On August 10, 2015, Multibank filed its Proof of Claim in the amount of $6,278,237.28 (reflecting an outstanding principal of $5,535,745.67, interest of $742,491.61, and late charges of $3,890.41). [Claim No. 5-1]. Multibank's claim was secured by real and personal property of the Debtor by virtue of various loan documents. Multibank filed a Motion for Relief

2

from Stay [Doc. 79] on October 27, 2015, which the Court granted on June 21, 2016 [Doc. 187] after the Debtor was unable to confirm a plan. The case was thereafter converted to Chapter 7 and the Trustee was appointed. In the course of the Chapter 11 case, as part of both the stay relief and plan confirmation proceedings, the Debtor and Multibank stipulated that the value of Multibank's collateral was $3,300,000. The Order on Motion for Relief from Stay granted Multibank relief from the automatic stay, in pertinent part, as follows:

> ORDERED that the automatic stay of 11 U.S.C. § 362(a) is hereby lifted to permit and authorize Multibank to pursue its rights and remedies under the terms of the Loan Documents and state law with respect to the Collateral, including, but not limited to, institution of foreclosure proceedings with respect to the Collateral
> ….

[Doc. 187]. On September 6, 2016, pursuant to this language, Multibank foreclosed on Debtor's real and personal property that secured the debt. A Multibank affiliated entity, MB REO-GA Marina, LLC, was the winning bidder at the foreclosure sale, purchasing the property for $4,500,000.00, which was less than the amount owed. Multibank thereafter filed an amended proof of claim to credit the amounts it received during the bankruptcy case from adequate protection payments and the turnover of cash collateral plus the amount bid at the foreclosure sale, which credits resulted in a general unsecured deficiency claim in the amount of $1,393,827.45.[1] [Claim No. 5-2]

At the March 9, 2017 hearing, the Creditors argued that Multibank had no deficiency claim because it neither sought nor obtained a judicial confirmation of the foreclosure sale pursuant to Georgia law. In response, Multibank argued that the stay was not modified for it to pursue confirmation of the sale and that this Court has jurisdiction to determine the deficiency

---

[1] As noted on the amended claim, Multibank still asserts a claim to $40,000 of cash in accounts of the Debtor and its counsel, so the claim could be secured up to that amount.

3

from the sale and so a state court confirmation proceeding was not necessary. Although the Chapter 7 Trustee did not take a position on the matter, he did not oppose the Creditors' standing to object to the claim on the grounds they were asserting.[2]

## Legal Authority

Georgia law governs whether a creditor has a right to a deficiency claim following a non-judicial foreclosure sale. Specifically, O.C.G.A. § 44-14-161 requires

> When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44-14-161(a). Ultimately, the failure of a secured creditor to obtain confirmation of the sale precludes the creditor from obtaining a deficiency judgment against the debtor.[3] As such, failure to obtain confirmation of the sale operates as a limitation on a creditor's remedies. The creditor can, however, pursue its other collateral regardless of whether the sale is confirmed because the debt itself is not extinguished as a result of the failure to confirm the sale, only the *in personam* claim against the debtor arising from that debt.

---

[2] Typically, "where a trustee is appointed to administer an estate, a creditor can object to a claim of another creditor only, if upon demand, the trustee refuses to do so and the court grants the creditor the right to act on behalf of the trustee." *In re Trusted Net Media Holdings, LLC*, 334 B.R. 470, 476 (Bankr. N.D. Ga 2005); See *In re Thompson*, 965 F.2d 1136, 1147 (1st Cir. 1992); *In re Honesdale Union Stamp Shoe Co*., 102 F.2d 372, 373 (3rd Cir. 1939); *In re Ulz*, 401 B.R. 321, 327 (Bankr. N.D. Ill. 2009); *In re Bakke*, 243 B.R. 753, 756 (Bankr. D. Ariz. 1999).

[3] If a judgment on the debt is obtained against the debtor before the foreclosure sale, the sale does not need to be confirmed.

**A. The Scope and Effect of the Stay Relief Order**

The Creditors argued that Multibank had to report the foreclosure sale to a superior court judge within 30 days after the sale in order to maintain a deficiency claim according to Georgia law. Multibank counters that because it never sought nor was granted relief from the automatic stay to file an action to confirm the foreclosure sale, the automatic stay effectively tolls the 30-day requirement, so the 30-day period will not begin to run until the later of (a) 30 days after the bankruptcy is dismissed or (b) the date the Court lifts the automatic stay to permit Multibank to file a confirmation action.

If the stay was lifted to permit Multibank to confirm the sale, then the 30 day period has long since run and the deficiency claim would be time-barred. The first question, therefore, is whether the language in the stay relief order permitting Multibank to pursue its state law right and remedies with respect to its collateral is sufficiently broad enough to include the confirmation of a foreclosure sale. This was the very issue in *In re Virginia Hill Partners I*, 110 B.R. 84 (Bankr. N.D. Ga. 1989), an early case in this district to address that issue. In *Virginia Hill Partners,* the stay relief order provided that the stay was "lifted to allow [the lender] to assert its rights against Debtor's property under applicable law, including, without limitation, the right to foreclose upon the Debtor's unsold residential condominium units...." *Id*. at 84, 85. Based on that order modifying the stay, the lender commenced the process in state court to confirm the sale, but the debtor, in response, moved the bankruptcy court to sanction the lender for violating the automatic stay because the language in the order was not broad enough to include the confirmation of the sale. Judge Cotton found that this language was only so broad as to lift the stay with respect to actions against the debtor's property and not the confirmation of the sale because the allowance of claims, including deficiency claims, is within the exclusive

5

jurisdiction of the bankruptcy court and the confirmation of a foreclosure sale was not an action against the debtor's property, but rather an action to enable a creditor to pursue recovery of a deficiency claim against the debtor personally. *Id*. at 87.

This Court agrees with *Virginia Hills Partners.* Accordingly, because the language in the stay relief order in this case is sufficiently close to the language of the stay relief order in *Virginia Hills Partners*, this Court finds that the stay was not lifted to permit Multibank to commence proceedings to confirm the sale, including reporting the sale as required by Georgia law.

That does not end the inquiry though. The next question is whether Multibank's failure to report the sale within 30 days, regardless of whether or not the stay relief order provided for it to do so, is fatal to its ability to maintain a deficiency claim under Georgia law. The Georgia Court of Appeal in *Breeze v. Columbus Bank & Trust Co.,* has clearly answered this question in the negative.  448 S.E.2d 276, 214 Ga App. 534 (Ga. App. 1994)   In *Breeze*, the Georgia Court of Appeals recognized that the order at issue before it lifting the automatic stay in the bankruptcy case only extended to the bank's foreclosure of its security interest in certain property and did not extend to other proceedings like the confirmation of the sale; accordingly, the stay remained in effect for such other purposes. *Id*. 448 S.E.2d at 277.  The Georgia Court of Appeals held that 11 U.S.C. § 108(c)[4]

---

[4] Section 108(c) of the Bankruptcy Code provides:

> (c)… if applicable nonbankruptcy law… fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, …, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

6

> tolls the running of periods of limitation which would otherwise expire during the period of a stay in bankruptcy until 30 days after the termination of the stay. Therefore, as the automatic stay was in effect when the foreclosure sale was held, the 30–day period provided for in OCGA § 44–14–161 did not begin to run until 30 days after the bankruptcy was dismissed. See *State Farm, etc.,Co.* (sic) *v. Harris,* 207 Ga.App. 8, 9, 427 S.E.2d 1. *Id*.

The Court agrees that the 30-day period under the Georgia confirmation statute will not begin to run here until either the bankruptcy is dismissed or the Court lifts the automatic stay.[5] *Virginia Hill Partners*, 110 B.R. at 87 ("In the alternative, the moving party would be required to seek further relief from the automatic stay before commencing a confirmation of the foreclosure sale in the state court."). Furthermore, there are situations, such as in the case before this Court, where the lender may not want to be compelled to have to go to the expense of confirming a sale within 30 days after it forecloses, such as when there are no known assets from which to pay a deficiency claim and the guarantor has already received a discharge in bankruptcy. Likewise, the estate may not want to have to go to the expense of defending against the confirmation of a sale when there are no known assets to distribute on account of a deficiency claim. Therefore, until either this case is dismissed or this Court lifts the stay, the automatic stay remains in place and the 30-day period to file a confirmation action will not expire.

**B. Can a Bankruptcy Court Hear the Issues Related to the Confirmation Action?**

A bankruptcy court, as a unit of the District Court and by reference under 28 U.S.C.

---

[5] The Creditors argued that Section 108(c) only applies to actions that could have been commenced pre-petition so it should not apply here. The Court does not interpret the statute that way and neither did the Georgia Court of Appeals in *Breeze*, which dealt with a similar fact situation as before this Court. Orders granting motions for relief from the automatic stay will always be post-petition. The only limitation is Section 108(c) is that the limitations period could not have expired before the filing of the case and here it could not since it did not start until after the entry of the order modifying the automatic stay which was necessarily after the filing of the case.

§ 157(a), has original, but not exclusive, jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. 28 U.S.C. § 1334; *In re Collins*, No. 89-11421, 1990 WL 10007466, at *2 (Bankr. S.D. Ga. Feb. 13, 1990). Pursuant to the Bankruptcy Code, a creditor may file a proof of claim, and a "claim" is defined as a "right of payment." *See* 11 U.S.C. § 501(a); 11 U.S.C. § 101(5)(A). Proceedings regarding the allowance of claims are core proceedings arising in a case under title 11. See 28 U.S.C. § 157(b)(2)(B). Therefore, even though confirmation of a Georgia foreclosure sale pursuant to the Georgia statute is typically a state law matter and a condition precedent for a creditor to establish that it has an allowed unsecured deficiency claim, the Georgia Supreme Court has held that O.C.G.A. § 44-14-161 "can not [sic] operate so as to deprive federal courts of jurisdiction to confirm a foreclosure sale in a case which is otherwise subject to federal jurisdiction." *FDIC v. Windland Co.*, 245 Ga. 194, 194, 264 S.E.2d 11, 12 (1980). A bankruptcy proceeding is such a case which is subject to federal jurisdiction such that a state law confirmation proceeding can be heard by a federal court. *Weems v. McCloud*, 619 F.2d 1081, 1085 (5th Cir. 1980)(District Court was an appropriate forum for a trustee in bankruptcy of mortgage corporation to confirm a Georgia foreclosure sale); *Collins*, 1990 WL 10007466, at *2 ("Although O.C.G.A. § 44-14-161 refers to the report of the sale to the Judge of the Superior Court … the confirmation proceeding may be brought in any United States District Court…."); *Virginia Hill Partners*, 110 B.R. at 87 ("[U]nless the stay relief order clearly provides otherwise, the determination and allowance of claims, deficiency or otherwise, against the debtor or its estate in the pending bankruptcy case remain within the exclusive jurisdiction of the bankruptcy court."). Therefore, because the allowance of claims is a core proceeding under title 11, the bankruptcy court has original jurisdiction to determine the amount of the claim at issue here, including over a foreclosure sale confirmation proceeding, if

8

necessary. Accordingly, this Court is a proper venue to determine the issues related to the confirmation of a non-judicial foreclosure of real property involving the Debtor under Georgia law. *See Virginia Hill Partners*, 110 B.R. at 87 ("[I]f the moving party desires confirmation of the foreclosure and allowance of a deficiency claim, it must be initiated in this court."); *Weems*, 619 F.2d at 1088 (noting that even though Georgia foreclosure confirmation proceeding has "peculiar procedural rules and serves a specialized function," it does not preclude it from federal jurisdiction).

Finally, conducting a Georgia foreclosure confirmation proceeding in a federal bankruptcy court complies with and fulfills the purpose of the Georgia confirmation statute. "The obvious purpose of these statutes is to protect debtors from deficiency judgments when the forced sale of their property brings less than fair market value." *Weems,* 619 F.2d 1081, 1085 (5th Cir. 1980). These confirmation actions ensure that a debtor can raise any issues of true market value and fairness. *In re Virginia Hill Partners I*, 110 B.R. at 87 ("The Georgia confirmation proceeding is designed to protect a debtor from a deficiency judgment when the nonjudicial foreclosure sale brings less than the property's fair market value."); *Weems*, 619 F.2d at 1085-86 (agreeing that a confirmation proceeding conducted in federal court complies with the purposes of a similar proceeding in a state court). A proceeding to confirm a foreclosure sale brought in a bankruptcy court as opposed to a state court would still provide a debtor with the same protections. Here, this Court is a proper forum, and the estate's right to receive credit for the true market value of the real property is still protected, so the purpose of the state confirmation statute is fulfilled by having the issues related to the allowance of a deficiency claim tried in this Court.

9

For the foregoing reasons, the Court finds that it is an appropriate forum for determining whether Multibank's non-judicial foreclosure of the Debtor's real property was properly conducted, whether the sale brought true market value and whether Multibank is entitled to assert a deficiency claim against the estate. At this stage of the proceeding, the Court is not going to modify the stay to require Multibank to confirm the sale or otherwise require it to commence a confirmation proceeding in this Court.  The amended proof of claim asserting the deficiency claim has been filed.  If the Chapter 7 Trustee[6] choses to object to the claim on the grounds that Multibank has not complied with O.C.G.A. § 44-14-161 or that the real property was not sold for true market value, the Court will consider at that time what further pleadings, if any, will be required by Multibank.  Accordingly, it is hereby

**ORDERED** that the Creditor's Objection to Proof of Claim of Multibank 2009-1 CRE Venture, LLC, Claim No. 5, is **DENIED**, without prejudice to the right of the Chapter 7 Trustee, or other appropriate party in interest with proper standing, to object to the merits of the claim on grounds other than as asserted by the Creditors in the Objection.

**END OF DOCUMENT**

---

[6] Because the only parties to a state court confirmation proceeding under Georgia law are the lender and the obligors on the debt, that being the Chapter 7 Trustee as the representative of the estate in this case, the Court may not necessarily grant standing to any other party in interest to raise the issues, including the Creditors.