IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| Debtor. | : | |

**NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF CABONITE, INC. AND THE PRODUCTION OF DOCUMENTS**

TO: Carbonite, Inc.
c/o Danielle Sheer, Esq.
Vice President and General Counsel
2 Avenue de Lafayette
Boston, MA 02111

Please take notice that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, a representative of Carbonite, Inc. ("**Carbonite**" or the "**Witness**") is required to attend an examination (the "**Examination**") by S. Gregory Hays, Chapter 7 Trustee (the "**Trustee**") for the Estate (the "**Estate**") of LaPrade's Marina, LLC, Debtor ("**Debtor**") in the above captioned Bankruptcy Case (the "**Bankruptcy Case**"), pursuant to the Order by the United States Bankruptcy Court for the Northern District of Georgia dated June 5, 2017 (Dkt. No. 293, the "**Examination Order**") authorizing the Examination of Carbonite as to any and all matters within the scope of the Bankruptcy Case permitted by Rule 2004(b) and the Subpoena For Rule 2004 Examination and Production of Documents (the "**Subpoena**") attached hereto as **Exhibit A** and incorporated herein by reference. The Examination will commence at 10:00 a.m., on July 17, 2017, at the Law Offices of Henry F. Sewell Jr., LLC, located at 3343 Peachtree Road NE, Suite 200, Atlanta Financial Center, East Tower, Atlanta, GA 30326, or as otherwise agreed to by the parties. The Examination will be recorded stenographically, and may be recorded by audio or video tape, before an officer qualified to make such examinations and

continue from day to day until completed. The Examination will be taken for the purposes of discovery in the Bankruptcy Case and for all other purposes permitted by law, including use at trial, if and where appropriate.

**PLEASE TAKE NOTICE** that Carbonite is required to designate a representative to attend and testify at the Examination as to any and all matters within the scope of the Bankruptcy Case permitted by Rule 2004(b), including, but not limited to, the following: a) any computer or data backup created or modified as a result of any request by Christine Anzo incident to the statement from Carbonite dated June 10, 2016 (the "**Backup**") or any other backup created or modified as a result of any request by the Debtor or any of the Anzo Parties (the "**Anzo Parties**" are defined as Peter Anzo, Christine Anzo, Performance Consulting Partners, LLC, Terret Investments, and any other entities owned by or in which Peter Anzo or Christine Anzo are involved); and b) any Documents (as defined in the Subpoena) related to customer account(s) created by or on behalf of any of the Anzo Parties or associated or registered with the domain name lapradesmarina.com, under the Applicable Email Addresses (as defined in the Examination Order) or with 706-947-0010 as the phone number.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Bankruptcy Rule 2004(c), Carbonite is further instructed to produce for inspection and copying the Documents set forth in the Subpoena attached hereto as **Exhibit A** at the Law Offices of Henry F. Sewell Jr., LLC, located at 3343 Peachtree Road NE, Suite 200, Atlanta Financial Center, East Tower, Atlanta, GA 30326, at 10:00 a.m. on July 12, 2017. The definitions and instructions included therein shall be utilized in connection with the production of Documents.

2

Dated this 22nd day of June, 2017.

                                            LAW OFFICES OF HENRY F. SEWELL JR., LLC

                                            ***/s/ Henry F. Sewell, Jr.***
                                            Henry F. Sewell, Jr.
                                            Georgia Bar No. 636265
                                            3343 Peachtree Road NE, Suite 200
                                            Atlanta Financial Center, East Tower
                                            Atlanta, GA 30326
                                            (404) 926-0053
                                            hsewell@sewellfirm.com

                                            *Counsel for S. Gregory Hays, as Chapter 7 Trustee of LaPrade's Marina, LLC*

## **EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| IN RE: | : | CHAPTER 7 |
|---|---|---|
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| Debtor. | : | |

### SUBPOENA FOR RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

To: **Carbonite, Inc., c/o Danielle Sheer, Esq., General Counsel, 2 Avenue de Lafayette, Boston, MA 02111**
*(Name of person to whom the subpoena is directed)*

[X]    *Testimony:* **YOU ARE COMMANDED** to designate a representative to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached as Exhibit "A" hereto (the "Examination Order").

| PLACE: | Law Offices of Henry F. Sewell Jr., LLC<br>3343 Peachtree Road NE, Suite 200<br>Atlanta, GA 30326 | DATE AND TIME<br>**Monday, July 17, 2017** |
|---|---|---|

The examination will be recorded by this method: stenographical and by audio and video tape before a court reporter.

[X]    *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

### See attached Exhibit "B"

| PLACE: | Law Offices of Henry F. Sewell Jr., LLC<br>3343 Peachtree Road NE, Suite 200<br>Atlanta, GA 30326 | DATE AND TIME<br>**Wednesday, July 12, 2017** |
|---|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/12/17        CLERK OF COURT
                                                                                    OR    _____
        _____                                                        *Attorney's signature*
        *Signature of Clerk or Deputy Clerk*

The name, address, email address, and telephone number of the attorney representing S. Gregory Hays, Chapter 7 Trustee for the Estate of LaPrade's Marina, LLC, Debtor, who issues or requests this subpoena, are: Henry F. Sewell, Jr., Law Offices of Henry F. Sewell Jr., LLC, 3343 Peachtree Road NE, Suite 200, Atlanta Financial Center, East Tower, Atlanta, GA 30326, hsewell@sewellfirm.com, and (404) 926-0053.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
     (i) is a party or a party's officer; or
     (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     (i) fails to allow a reasonable time to comply;
     (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
     (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     (i) disclosing a trade secret or other confidential research, development, or commercial information; or
     (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     (i) expressly make the claim; and
     (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

**IT IS ORDERED as set forth below:**



Date: June 2, 2017

_____
James R. Sacca
U.S. Bankruptcy Court Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| Debtor. | : | |

**ORDER GRANTING MOTION OF TRUSTEE FOR AN ORDER PURSUANT TO
BANKRUPTCY RULE 2004 AUTHORIZING EXAMINATION OF CARBONITE, INC.
AND DIRECTING THE PRODUCTION OF DOCUMENTS**

This matter is before the Court on the Motion for an Order Pursuant to Bankruptcy Rule 2004 Authorizing Examination of Carbonite, Inc. and Directing the Production of Documents (Doc. No. 287, the "**Motion**") filed by S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the Estate (the "**Estate**") of LaPrade's Marina, LLC, Debtor ("**Debtor**") in the above captioned Bankruptcy Case (the "**Bankruptcy Case**"). The Court has reviewed and considered the Motion and finds that good cause exists for entry of this Order as set forth herein.

5.  Carbonite shall produce for inspection and copying at the Law Offices of Henry F. Sewell Jr., LLC, located at 3343 Peachtree Road NE, Suite 200, Atlanta Financial Center, East Tower, Atlanta, GA 30326, at 10:00 a.m. on June 23, 2017, or as otherwise agreed to by the parties, as set forth in the Examination Notice, any computer or data Backup created or modified as a result of any request by Christine Anzo or any other backup created or modified as a result of any request by the Debtor or any of the Anzo Parties and any Documents, Communications, or Correspondence related to such services or customer account(s) created by or on behalf of any of the Anzo Parties or associated or registered with the domain name lapradesmarina.com, under the Applicable Email Addresses, or with 706-947-0010 as the phone number.

END OF DOCUMENT

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC

/s/ *Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
3343 Peachtree Road NE, Suite 200
Atlanta Financial Center, East Tower
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee of LaPrade's Marina, LLC*

# **EXHIBIT B**

## **DEFINITIONS**

1. **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

2. The words **"any"** or **"all"** shall be construed to mean any and all.

3. **"Anzo Parties"** shall mean collectively, Peter Anzo, Christine Anzo, PCP, Terret, and any other entities owned by Peter Anzo or Christine Anzo or in which Peter Anzo or Christine Anzo are involved.

4. **"Bankruptcy Case"** means the bankruptcy case commenced by the Debtor on April 6, 2015 in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division and administered under Case Number 15-20697.

5. **"Communication"** or **"communications"** means any contact or act by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, written contact by such means as letters, memoranda, Correspondence, telegrams, telex, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations.

6. **"Correspondence"** means all Documents transmitted from one Person to another, including those in electronic form, and all attachments to such Documents.

7. **"Debtor"** refers to LaPrade's Marina, LLC, the debtor in the Bankruptcy Case.

8. **"Document"** and **"Documents"** are used in the broadest possible sense and include, but are not limited to, all original and all non-identical copies of any writing or record of any type or description, including, but not limited to, the following items, and each draft thereof: writings, recordings, notes, photographs, financial statements, agreements, contracts, legal documents, communications, e-mails, Correspondence, letters, statements, reports, envelopes, phone messages, telephone logs, agendas, books, articles, receipts, purchase orders, sales orders, tape recordings, affidavits, opinions, notices, proposals, invoices, confirmations, telegrams, cables, memoranda, records, summaries of records, summaries of data, summaries of personal conversations or interviews, diaries, appointment books, appointment logs, desk calendars, pocket calendars, forecasts, statistical statements, accounts, work papers and related supporting documents, graphs, charts, maps, diagrams, blue prints, tables, indexes, pictures, tapes, microfilms, charges, analytical records, minutes or records of meetings or conferences, reports and/or summaries of interviews, reports and/or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or summaries of negotiations, brochures, pamphlets, circulars, trade letters, press releases, stenographic, handwritten or any other notes, projections, bank statements, checks (front and back), check stubs or receipts, checkbooks, canceled checks, invoice vouchers, electronically or magnetically recorded or stored data, data tapes and sheets or data processing cards or discs or any other computer-related data compilation, and any other written, recorded, printed, typed, photographed, transcribed, punched, taped, filmed, or

electronically or graphically recorded documents or writings of whatever description however produced or reproduced, including but not limited to, any information contained in any computer although not yet printed, within your possession, custody or control or in the possession, custody or control of any agent, employee (including without limitation, attorneys, accountants and investment bankers or advisors), or other Person acting on your behalf.

9. The use of the word "**including**" shall be construed to mean "**without limitation**."

10. "**LaPrade**" means LaPrade's Marina, LLC, the debtor in the Bankruptcy Case, or any party acting on behalf of LaPrade.

11. "**Marina**" means the marina previously owned and operated by the Debtor in Rabun County, Georgia on Lake Burton.

12. An "**original**" of a writing or recording is the writing or recording itself or any counterpart thereof intended to have the same effect by a Person executing or issuing it. An "original" of a photograph includes the negative and/or any print made therefrom. If data is stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately and in its native file format, is an "original."

13. "**Person**" means any individual, firm, partnership, joint venture, corporation, d/b/a ("doing business as"), association, company, estate, trust, or other legal, government or business entity.

14. "**Petition Date**" means April 6, 2015.

15. The phrase "**possession, custody or control**" includes constructive possession, whereby the party to whom this request is directed has the right to compel the production of a matter or documents from a third party (including an agency, authority or representative).

16. "**PCP**" means Performance Consulting Partners, LLC.

17. "**Prepetition**" refers to the period of time prior to the Petition Date.

18. The words "**relate to**" a given subject means relating to, concerning, referring to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing, supporting, or in any way pertinent to that certain subject.

19. "**Terret**" means Terret Investments.

20. "**Witness**" means Carbonite, Inc.

21. "**Writings**" and "**recordings**" consist of letters, words, numbers or their equivalent, set down by handwriting, typewriting, printing, photographing, mechanical or electronic recording, or any other form of data production, reproductions or compilations.

22. **"You"** and **"your"** refers to the Witness.

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

## DOCUMENT PRODUCTION INSTRUCTIONS

1. **Production of Documents.** The Witness is required to produce all Documents in the Witness's possession, custody or control that are requested below. The Witness is required to produce the Documents as they are kept in the ordinary course of business, or to organize and label them to correspond to the categories specified or to the delineated documents requested as specified below.

2. **Lost or Destroyed Documents.** If any Documents requested herein have been lost, discarded, or destroyed, the Document so lost, discarded or destroyed should be identified as completely as possible, including without limitation the following information: description of the Document and the contents of the Document, date of disposal, manner of disposal, reason of disposal, Person authorizing the disposal and Person disposing of the Document.

3. **Lack of Custody.** If any Document herein requested is claimed by you not to be in your possession, custody or control, then you are directed to identify (a) the nature of the Document, (b) the name, address and telephone number of any Person who has or may have possession, custody or control of such demanded item, and (c) whether and how the Witness presently has access to the Document and can obtain a duplicate of it.

4. **Selection of Documents.** The selection of documents from files and other sources shall be performed in such a manner as to insure that the file or other source from which a Document is obtained may be identified.

5. **Separation of Documents.** Documents attached to other documents or other materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping.

6. **Electronic Documents.** All documents in electronic format shall be produced in their native file format.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Please produce any and all Documents in your possession, custody or control relating to one or more of the following:

1. Any computer or data backup created or modified as a result of any request by Christine Anzo incident to the statement from Carbonite dated June 10, 2016 or any other backup created or modified as a result of any request by LaPrade or any of the Anzo Parties; and

2. Any Documents, Communications, or Correspondence related to any customer account(s) created by or on behalf of any of the Anzo Parties or associated or registered with the domain name lapradesmarina.com, under the Applicable Email Addresses (as defined in the Examination Order), or with 706-947-0010 as the phone number.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| Debtor. | : | |

## CERTIFICATE OF SERVICE

This is to certify that service of the within and foregoing *NOTICE OF BANKRUPTCY RULE 2004 EXAMINATION OF CABONITE, INC. AND THE PRODUCTION OF DOCUMENTS* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all parties who have filed appearances and requested notices and by United States Mail with adequate postage affixed thereon and addressed as follows:

R. Bruce Russell
30 Chechero Street
Clayton, Georgia 30525

Scott B. Riddle, Esq.
Law Office of Scott B. Riddle, LLC
Suite 1800, Tower Place 100
3340 Peachtree Road, NE
Atlanta, GA 30326

Carbonite, Inc.
c/o Danielle Sheer, Esq.
Vice President and General Counsel
2 Avenue de Lafayette
Boston, MA 02111

This 22nd day of June, 2017.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
3343 Peachtree Road NE, Suite 200
Atlanta, GA 30326
(404) 926-0053
hsewell@sewellfirm.com
*Counsel for S. Gregory Hays, as Chapter 7 Trustee of LaPrade's Marina, LLC*