# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| Debtor. | : | |
| | : | |

## NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING

S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the Estate of LaPrade's Marina, LLC, Debtor in the above captioned Bankruptcy Case and Plaintiff in the above captioned Adversary Proceeding, filed a *Motion For Approval of Compromise and Settlement* (the "**Motion**") on August 5, 2019.[1]

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in the Motion, you must timely file your objection with the Bankruptcy Clerk** at: Bankruptcy Clerk, U.S. Bankruptcy Court, 121 Spring Street SE, Gainesville GA 30501, and serve a copy on the counsel for the Trustee at: Law Offices of Henry F. Sewell Jr., LLC, c/o Henry F. Sewell, Jr., Esq., Buckhead Centre, 2964 Peachtree Road NW, Suite 555, Atlanta, Georgia, 30305 and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the Motion has been scheduled for **1:30 p.m.** on the **29th day of August, 2019,** in Courtroom 103, U.S. Courthouse, 121 Spring Street, SE, Gainesville, GA 30501. If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

---

[1] The Motion is on file with the Clerk of the Court at the address set forth herein and is available for review between 8:00 a.m. and 4:00 p.m. or online anytime at http://ecf.ganb.uscourts.gov (registered users) or at http://pacer.psc.uscourts.gov (unregistered users) or a copy may be obtained from counsel for the Trustee identified below.

Dated: August 5, 2019.

Respectfully submitted,

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the
Estate of LaPrade's Marina, LLC, Debtor*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| Debtor. | : | |
| | : | |

### MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the Estate (the "**Estate**") of LaPrade's Marina, LLC, Debtor (the "**Debtor**") in the above captioned Bankruptcy Case (the "**Bankruptcy Case**") and Plaintiff (the "**Plaintiff**") in the above captioned Adversary Proceeding (the "**Adversary Proceeding**"), and, by and through counsel, hereby files this *Motion For Approval of Compromise and Settlement* (the "**Motion**") pursuant to which the Trustee seeks approval of the Settlement Agreement (the "**Settlement Agreement**") attached as **Exhibit "A"** hereto by and between the Trustee, Christine Anzo ("**Ms. Anzo**"), Performance Consulting Partners, LLC ("**PCP**"), and Peter Dominic Anzo ("**Mr. Anzo**") (collectively, Ms. Anzo, PCP, and Mr. Anzo are the "**Anzo Parties**"), and in support thereof, the Trustee respectfully show as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief sought herein are Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PROCEDURAL BACKGROUND

3.     On April 6, 2015, the Debtor initiated the Bankruptcy Case by filing in the Bankruptcy Court for the Northern District of Georgia (the "**Court**") a voluntary petition under chapter 11 of the Bankruptcy Code.

4.     After the Bankruptcy Case was converted to chapter 7, the United States Trustee filed its "Report of Undisputed Chapter 7 Trustee Election" on February 10, 2017, [Doc. No. 263] wherein the United States Trustee reported that S. Gregory Hays was elected as Trustee in the Bankruptcy Case in an undisputed election that was held at the 341 meeting of creditors on February 6, 2017.

## FACTS SPECIFIC TO THIS COMPROMISE MOTION

5.     After an investigation by the Trustee determined that the Estate had certain claims against the Anzo Parties related to the conduct of such Parties, the Trustee initiated the Adversary Proceeding to assert various claims related to the conduct of the Anzo Parties, including claims to obtain the turnover of certain property of the Estate, assert that certain transfers to the Anzo Parties were avoidable under Sections 544, 547, 548, 549, 550, and 551 of the Bankruptcy Code and/or O.C.G.A §§ 18-2-74 & 18-2-75, and seek the recovery of such transfers or property by the Estate pursuant to the Adversary Proceeding (collectively, the "**Estate Claims**").

6.     The Anzo Parties denied any liability in the Adversary Proceeding and asserted various defenses to the Estate Claims.

7.     Mr. Anzo was dismissed as a defendant in the Adversary Proceeding after it appeared that the cost of litigating the claims against Mr. Anzo would exceed the benefit that may be obtained by litigating the claims against Mr. Anzo to judgment, notwithstanding that the Trustee continued to believe that valid claims existed against Mr. Anzo.

## PROPOSED COMPROMISE AND SETTLEMENT

8.      Following good faith and arms-length negotiations, the Trustee and the Anzo Parties (collectively, the "**Parties**") agreed, subject to approval by the Court, to settle (the "**Settlement**") all disputes, claims, issues and controversies between and among the Trustee and the Anzo Parties on the terms set forth in the Settlement Agreement attached hereto as **Exhibit A** and incorporated herein by reference.

9.      The Parties have agreed to toll, stay, and extend applicable discovery in the Adversary Proceeding to allow the Parties an opportunity to document and obtain approval of the Settlement.

10.      Reference should be made to the Settlement Agreement for the actual terms of the proposed Settlement. For convenience, a summary of the terms of the Settlement Agreement are as follows:

a)      The Trustee shall file this Motion seeking an order of the Court that approves the Settlement (the "**Approval Order**"). *See* Settlement Agreement ¶ 1.

b)      Ms. Anzo shall pay the Trustee a one-time payment of Fifty Thousand Dollars ($50,000) (the "**Settlement Payment**") by causing the Settlement Payment to be delivered to the Trustee on or before three (3) days after the date that the Approval Order is entered by the Court. *See* Settlement Agreement ¶ 2.

c)      As further consideration for the Trustee to enter the Settlement, each of the Anzo Parties waives any standing to be heard further in the Bankruptcy Case and any right that one or more of the Anzo Parties may have to file or assert any objection, claim, or right in the Bankruptcy Case, including, but not limited to, for the amount of the Settlement Payment or as to any other objection, right, or claim that may be asserted by one of more of the Anzo Parties against

3

the Debtor, the Estate, and/or the Trustee or in any way related to the Bankruptcy Case or the Adversary Proceeding. Any and all claims, rights, or objections of one of more of the Anzo Parties with regard to the Bankruptcy Case or in any way related to the Debtor, Estate, and/or Trustee, if any, are deemed denied, not allowed and are waived, released, extinguished and otherwise fully satisfied including, without limitation, any general unsecured claims. *See* Settlement Agreement ¶ 3.

           d)    The Parties shall exchange releases as provided in the Settlement Agreement. *See* Settlement Agreement ¶¶ 6&7.

11.    In the event of a discrepancy between the terms of the Settlement Agreement and the summary of such terms set forth herein, the Settlement Agreement shall control.

### AUTHORITY AND ANALYSIS

12.    The Trustee requests an Order of the Bankruptcy Court that: a) approves the Settlement Agreement; and b) authorizes the Trustee to enter the Settlement Agreement, provide the release contained in the Settlement Agreement, and take any and all steps necessary to consummate the compromise and settlement as set forth in the Settlement Agreement.

### BASIS FOR RELIEF

13.    This Court has the right and the power to approve the Settlement. *See* 11 U.S.C. § 105; FED. R. BANKR. P. 9019. Bankruptcy Rule 9019(a) provides, in pertinent part, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a).

14.    The Trustee believes that the Settlement is in the best interests of the Estate and the creditors thereof under the circumstances; thus, it should be approved. Settlements and compromises are a "normal part of the process of reorganization." *See Case v. Los Angeles Lumber*

4

*Prods. Co.*, 308 U.S. 106, 130 (1939). The Supreme Court of the United States has further said:

"[i]n administering [Bankruptcy] Proceedings in an economical and practical manner, it will often

be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts."

*Protective Comm. for Stockholders of TMT Trailer Ferry, Inc. v. Anderson (In re TMT Trailer*

*Ferry, Inc.)*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F.2d

10 (5th Cir. 1972). Settlements are "desirable and wise methods of bringing [closure] to . . .

proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d

599, 602 (5th Cir. 1980).

15.     Under Bankruptcy Rule 9019(a), this Court may approve a compromise or

settlement "on motion by the trustee and after a hearing on notice to creditors, the debtor and

indenture trustee." *TMT Trailer Ferry, Inc.*, 390 U.S. at 424. "In conducting a hearing under Rule

9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and

equitable, and in the best interests of the bankruptcy estate." *Id.* In making this determination, a

bankruptcy court is required to inform itself "of all facts necessary for an intelligent and objective

opinion of the probabilities of ultimate success should the claim be litigated." *Id.* To determine

whether a settlement should be approved under 9019, the Court should:

> form an educated estimate of the complexity, expense, and likely
> duration of such litigation, the possible difficulties of collecting on
> any judgment which might be obtained, and all other factors relevant
> to a full and fair assessment of the wisdom of the proposed
> compromise. Basic to this process in every instance, of course, is the
> need to compare the terms of the compromise with the likely
> rewards of the litigation.

*Id.* at 424-25.

16.     The decision of whether to approve a particular settlement is within the discretion

of the bankruptcy court. "It must be remembered that the evaluation of any lawsuit is quite

problematic and calls for a significant degree of speculation." *Texas Extrusion Corp. v Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1159 (5th Cir. 1988). A reviewing court will uphold the approval of a settlement if it is the result of "an adequate and intelligent consideration of the merits of the claims, the difficulties of pursuing them, the potential harm to the debtor's estate caused by delay, and the fairness of the terms of the settlement." *TMT Trailer Ferry, Inc.*, 390 U.S. at 434.

17.    The Eleventh Circuit has adopted the following factors to consider in evaluating a proposed settlement or compromise:

(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Chira*, 567 F.3d 1307, 1312 (11th Cir. 2009) (citation omitted).

18.    With respect to the factors identified by the Eleventh Circuit, the Trustee respectfully shows as follows:

a)    **Probability of Success on the Merits**. The Trustee contends that the claims asserted against the Anzo Parties are factually supported and legally strong; however, documentation claims, and defenses by the defendants in the Adversary Proceeding could result in a verdict for the defendants. The Parties concede that the probability for success in the Adversary Proceeding is uncertain. The Trustee believes that the terms of the Settlement are certainly within the realm of potential litigation results, but without having to spend the funds necessary to fully litigate the Adversary Proceeding.

b)    **Difficulty in Collection and Complexity, Expense, and Likely Duration of the Litigation**. The Trustee believes that difficulty of collection may be a significant issue in

6

the Adversary Proceeding. Further, litigating the issues in the Adversary Proceeding would be time-consuming and potentially involve substantial risk and cost to the Estate. If the Adversary Proceeding is litigated further, the fees and expenses associated with protracted litigation, which are the responsibility of the Estate, may well be beyond the capability of the assets of the Estate. Continued prosecution of the claims related to the Adversary Proceeding would be expensive to all of the Parties due to the costs attendant with conducting depositions, calling witnesses and experts and litigating claims and related defenses to a verdict that may not favor the Estate. One of the significant advantages of the Settlement is that the Settlement will provide immediate funds for the benefit of the Estate while avoiding the administrative costs that would be incurred in litigating this matter further and in attempting to satisfy any judgment in the Adversary Proceeding. Under the circumstances, the difficulty of collection, complexity of the litigation and the associated expense inconvenience, and delay involved in litigating claims in the Adversary Proceeding weigh in favor of settlement.

c)      **Paramount Interest of Creditors**.  The Settlement is a meaningful and necessary step in administering the assets in the Estate. Creditors of the Estate should support the Settlement since the Settlement will increase the amount of funds available in the Estate. In short, the proposed settlement is in the best interests of the Estate and the creditors thereof

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form as the proposed order attached as **Exhibit "B"** hereto, that: (a) grants this Motion; (b) approves the Settlement Agreement and the entry of the Settlement Agreement by the Trustee; (c) authorizes the Trustee to enter the Settlement Agreement, provide the release contained in the Settlement Agreement, and take any and all steps in the sole discretion of the Trustee to complete

and consummate the Settlement Agreement; and (d) grants such other and further relief as is just

and proper.

    Dated: August 5, 2019.

                Respectfully submitted,

                LAW OFFICES OF HENRY F. SEWELL JR., LLC

                */s/ Henry F. Sewell, Jr.*
                Henry F. Sewell, Jr.
                Georgia Bar No. 636265
                Buckhead Centre
                2964 Peachtree Road NW, Suite 555
                Atlanta, GA 30305
                (404) 926-0053
                hsewell@sewellfirm.com

                *Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of*
                *LaPrade's Marina, LLC, Debtor*

**Exhibit A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement (the "**Agreement**") is by and between: (i) S. Gregory Hays, not individually, but as Chapter 7 Trustee ("**Trustee**") for the Estate (the "**Estate**") of LaPrade's Marina, LLC, Debtor ("**Debtor**") in Bankruptcy Case No. 15-20697-JRS (the "**Bankruptcy Case**") in the United States Bankruptcy Court for the Northern District of Georgia (the "**Court**"); (ii) Christine Anzo ("**Ms. Anzo**"); (iii) Performance Consulting Partners, LLC ("**PCP**"); and (iv) Peter Dominic Anzo ("**Mr. Anzo**") (collectively, Ms. Anzo, PCP, and Mr. Anzo are the "**Anzo Parties**"). The Trustee and each of the Anzo Parties are individually referred to herein as a "**Party**" and collectively as the "**Parties**." The following introductory provisions are true and correct and form the basis of this Agreement:

### WITNESSETH

**WHEREAS**, on April 6, 2015, the Debtor initiated the Bankruptcy Case by filing in the Court a voluntary petition under chapter 11 of the Bankruptcy Code.

**WHEREAS**, after the Bankruptcy Case was converted to chapter 7, the United States Trustee filed its "Report of Undisputed Chapter 7 Trustee Election" on February 10, 2017, [Doc. No. 263] wherein the United States Trustee reported that S. Gregory Hays was elected as Trustee in the Bankruptcy Case in an undisputed election that was held at the 341 meeting of creditors on February 6, 2017.

**WHEREAS**, the Trustee initiated Adversary Proceeding No. 18-02004 (the "**Adversary Proceeding**") to assert various claims against the Anzo Parties and seek the recovery of such transfers or property by the Estate of the Debtor pursuant to the Adversary Proceeding (collectively, the "**Estate Claims**").

**WHEREAS**, the Anzo Parties denied any liability in the Adversary Proceeding and asserted various defenses to the Estate Claims.

**WHEREAS**, after significant arms-length negotiations, the Parties desire to settle, upon the terms set forth herein, all disputes, claims, issues and controversies between and among Parties, subject to notice, hearing and Court approval, pursuant to the agreements and terms set forth herein (the "**Settlement**").

**NOW THEREFORE**, in consideration of the promises, releases, agreements, and covenants set forth in this Agreement, the Parties hereby stipulate and agree as follows:

1. **Agreement Subject to Approval by the Court.** The Trustee will file a motion (the "**Approval Motion**") seeking an order of the Court in the Bankruptcy Case (the "**Approval Order**") that approves this Agreement. This Agreement is wholly contingent upon, and shall not be enforceable by or against any Party, until it is approved by the Bankruptcy Court pursuant to a final and non appealable order. This Agreement shall have no force and effect unless and until the Court enters a final order granting the Approval Motion to approve this Agreement.

2. **Settlement Payment.** The Anzo Parties shall pay the Trustee a one-time payment of Fifty Thousand Dollars ($50,000) (the "**Settlement Payment**") by causing the Settlement Payment to be delivered to the Trustee on or before three (3) days after the date that the Approval Order is entered by the Court and it becomes a final and non appealable order

3. **Waiver by Anzo Parties.** As further consideration for the Trustee to enter the Settlement, each of the Anzo Parties hereby waive any standing to be heard further in the Bankruptcy Case and any right that one or more of the Anzo Parties may have to file or assert any objection, claim, or right in the Bankruptcy Case, including, but not limited to, for the amount of the Settlement Payment or as to any other objection, right, or claim that may be asserted by one of more of the Anzo Parties against the Debtor, the Estate, and/or the Trustee or in any way related to the Bankruptcy Case or the Adversary Proceeding. Any and all claims,

2

rights, or objections of one of more of the Anzo Parties with regard to the Bankruptcy Case or in any way related to the Debtor, Estate, and/or Trustee, if any, are deemed denied, not allowed and are waived, released, extinguished and otherwise fully satisfied including, without limitation, any general unsecured claims.

4. **No Admission of Liability.** The Parties understand that: a) this Agreement is a compromise of disputed claims to avoid further dispute, litigation and expense; b) the Settlement Payment made hereunder is not to be construed as an admission of any liability for any wrongful conduct or any other liability; and c) the Parties do not admit liability of any kind or character to anyone or a lack of a claim against anyone by virtue of this Agreement.

5. **Denial of Approval Order.** In the event that the Court denies approval of this Agreement, then, unless otherwise agreed to by the Parties, this Agreement shall terminate and be null and void and of no further force or effect, and the Parties shall be restored to their respective factual and legal positions that existed immediately prior to the execution of this Agreement; provided, however, that any applicable discovery shall be tolled, stayed, and extended as determined by the Court.

6. **Release by Anzo Parties.** Subject to approval by the Bankruptcy Court, for and in consideration of among other benefits set forth in this Agreement, PCP, Ms. Anzo, and Mr. Anzo hereby release, waive and completely discharge the Debtor, Estate, Trustee and each of their respective current and former affiliates, successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively, the **"Trustee Group"**), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, that one or more of the Anzo Parties may now have or hereafter may have arising in the future, or may assert against any or all of the Trustee Group for any reason, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or

3

unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or that could have been asserted by one or more of the Anzo Parties that relate, directly or indirectly, to the Estate Claims, the Bankruptcy Case, or the Adversary Proceeding or any matters specifically attendant thereto that one or more of the Anzo Parties may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not released, discharged or waived (the "**Anzo Release**").

7.     **The Estate's Release.**  Subject to approval by the Bankruptcy Court, effective upon the receipt of the Settlement Payment by the Trustee, the Estate and the Trustee (the "**Estate Group**") hereby release and completely discharge the Anzo Parties and their respective successors, subsidiaries, parents, officers, directors, assigns, members, managers, attorneys, and financial advisors (collectively the "**Anzo Group**"), of and from any and all claims, rights, choses in action, duties and causes of action of every kind and character, which any of the Estate Group may now have or hereafter may have arising in the future, or may assert against any of the Anzo Group, under any theory or pursuant to any cause whatsoever, whether known or unknown, suspected or unsuspected, existing or not existing, accrued or not accrued, either arising out of, asserted or which could have been asserted by the Estate Group that relate, directly or indirectly, to the Estate Claims or the Adversary Proceeding or any matters specifically attendant thereto that the Estate Group may presently possess; provided, however, that the obligations, agreements and rights created or expressly preserved in this Agreement are not to be deemed released, discharged or waived (the "**Estate Release**").

8.     **Full Resolution.** This Agreement is intended to fully resolve and settle all claims between the Parties that exist, whether known or unknown at this time, and that could have been asserted by the Parties. Except for the rights and obligations arising out of this Agreement, the Parties hereby relinquish all claims against each other, whether or not now known, and the

4

Parties hereto expressly waive any and all rights and benefits conferred upon them; provided, however, that the Agreement and the Estate Release does not address or impact any claims that may be asserted by the Trustee against any parties other than the Anzo Group.

9.      **Dismissal of Adversary Proceeding**. Within ten (10) days following the Approval Order becoming a final and non-appealable order and the Trustee receiving the Settlement Payment, the Trustee shall file a notice of dismissal of the Adversary Proceeding.

10.      **Assignment, Transfer, or Conveyance.** The Parties each warrant, covenant and agree that they have made no assignment, transfer, or conveyance, and hereafter will make no assignment, transfer, or conveyance in any manner of all or any part of their legal claims, causes in action, legal rights of action, or any other right released pursuant to this Agreement.

11.      **Fees and Costs.** The Parties shall each bear their respective attorneys' fees and costs relating to the costs associated with the settlement negotiations with regard to any cause of action hereby settled and released, and implementation of this Agreement. However, if any action is commenced by any party hereto to enforce the provisions of this Agreement, the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including attorneys' fees, in connection with said action.

12.      **Further Documentation.** The Parties agree to execute, exchange, and/or file, and/or to have their agents execute, exchange, and/or file, any further documents necessary to effectuate the terms of this Agreement.

13.      **Execution.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together, shall constitute one Agreement that shall be binding on the Parties hereto. Signature pages provided by facsimile and electronic signatures shall have the same force and effect as original signatures.

5

14. **Entire Agreement.** This Agreement embodies the entire understanding and terms of the agreement between the Parties with respect to the Settlement between the Parties and supersedes any prior written and/or verbal agreements between the Parties. No understanding or oral representation not incorporated in this Agreement shall survive this Agreement and no promises or representations not expressly stated in this Agreement are included by implication. No such promises or representations have been made by either of the Parties to any other party nor is either of the Parties relying upon any such promise or representation in signing this Agreement. The terms of this Agreement shall not be construed against either of the Parties.

15. **Modification.** This Agreement may not be revised, superseded or otherwise modified, except in a written document that: a) explicitly refers to this Agreement; b) states explicitly therein that the writing is intended to modify this Agreement; and c) is signed by each of the Parties.

16. **Interpretation, Enforcement and Controlling Law.** Any action to enforce or interpret this Agreement shall be brought before the Court. The Parties hereto hereby consent and agree: a) to the jurisdiction of the Court in the Bankruptcy Case in that regard; and b) that this Agreement shall be, to the extent not governed by the Bankruptcy Code, governed and construed in accordance with the laws of Georgia. The Parties further agree and represent to each other that this Agreement is valid, binding, and enforceable under Georgia law on the terms set forth herein.

17. **Authority to Execute and Review by Counsel.** The Parties hereby represent and warrant that the Parties: a) are authorized, or will be authorized by the Approval Order, to execute and enter this Agreement and all matters covered by and relating to the Agreement; b) had the opportunity to obtain the advice of counsel with regard to this Agreement; c) have read the terms and provisions of the Agreement and understand the terms of the Agreement; d)

6

voluntarily accept the terms of the Agreement; and e) have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto.   The signatories expressly warrant that they have carefully read this Agreement and understand its contents and sign this Agreement as their own free act.

18.   **Effect of Captions**. Captions of the paragraphs of this Agreement are for convenience and reference only, and the words contained therein shall in no way be employed to explain, modify, amplify or aid in the interpretation, construction or meaning of the provisions of this Agreement.

19.   **Terms and Recitals**. The terms of this Agreement are contractual and not mere recitals. The recitals themselves at the beginning of this Agreement constitute substantive, bargained for provisions that are integral to this Agreement.  This written Agreement and the documents executed in connection herewith represent the final agreement between the Parties, and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements by the Parties.  There are no unwritten oral agreements between the Parties.

20.   **Time is of the Essence**. Time is of the essence with respect to the rights and the performance of the obligations set forth herein.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

7

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the

latest day and the year set forth below.

BANKRUPTCY ESTATE OF LAPRADE'S MARINA, LLC, DEBTOR

By:_____

S. Gregory Hays, not individually, but as Chapter 7
Trustee for the Estate of LaPrade's Marina, LLC, Debtor

Date:_____

CHRISTINE ANZO

_____
Christine Anzo

Date: 6-27-2019

PETER DOMINIC ANZO

_____
Peter Dominic Anzo

Date: 6/29/2019

PERFORMANCE CONSULTING PARTNERS, LLC

By:_____

Name/Title: Peter Anzo, Manger of parkwe safue comply.

Date: 6/29/19

**Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LAPRADE'S MARINA, LLC, | : | CASE NO. 15-20697-JRS |
| | : | |
| _____Debtor._____ | : | |
| S. GREGORY HAYS, AS CHAPTER 7 TRUSTEE FOR LAPRADE'S MARINA, LLC, DEBTOR, | : : : | |
| Plaintiff, | : | |
| V. | : | Adv. Pro. No. 18-02004-JRS |
| | : | |
| CHRISTINE ANZO,  PERFORMANCE CONSULTING PARTNERS, LLC, and JOHN DOES 1 – 10, | : : : | |
| | : | |
| _____Defendants._____ | : | |

## ORDER APPROVING MOTION FOR APPROVAL OF
## <u>COMPROMISE AND SETTLEMENT</u>

This matter is before the Court on the *Motion For Approval of Compromise and Settlement*

(the "**Motion**") filed by S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the Estate

(the "**Estate**") of LaPrade's Marina, LLC, Debtor (the "**Debtor**") in the above captioned

Bankruptcy Case (the "**Bankruptcy Case**") and Plaintiff (the "**Plaintiff**") in the above captioned

Adversary Proceeding (the "**Adversary Proceeding**"). The Motion seeks entry of an order,

pursuant to Section 105(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the

"**Bankruptcy Code**") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), approving a Settlement Agreement (the "**Settlement Agreement**")[1]

attached as **<u>Exhibit "A"</u>** to the Motion by and between the Trustee, Christine Anzo ("**Ms. Anzo**"),

Performance Consulting Partners, LLC ("**PCP**"), and Peter Dominic Anzo ("**Mr. Anzo**")

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(collectively, Ms. Anzo, PCP, and Mr. Anzo are the "**Anzo Parties**") (collectively, the Anzo Parties and the Trustee are the "**Parties**").

Following notice to all creditors and parties in interest entitled to notice, no objection was filed in opposition to the Motion. Upon the Court having reviewed and considered the Motion, the record in the Case, and the arguments at the hearing on the Motion, the Court determined that: 1) the relief requested in the Motion is in the best interests of the Trustee, the Estate, creditors and other parties in interest; 2) the Court has jurisdiction over this proceeding; 3) this is a core proceeding; 4) notification of the relief granted by this Order is fair and reasonable; 5) due and proper notice of the Motion was given and such notice is good and sufficient under the particular circumstances; and 6) good and sufficient cause exist for the relief requested in the Motion, for the entry of this Order, and approval of the Settlement. Finding that no further notice or opportunity for hearing is required, for good cause shown, is it hereby ORDERED as follows:

1. The Motion is GRANTED as set forth herein.

2. Based upon the evidence presented to the Court, the record in the Case and the representations of counsel for the Parties, and the Court's analysis of the Settlement, the Court determines that, under the standards applicable within the Eleventh Circuit: (a) notice of the Motion and the hearing on the same was sufficient and proper under the circumstances and no other or further notice need be given; (b) parties in interest were given adequate opportunity to object; (c) the terms of the Settlement are fair and equitable; (d) the Parties have acted in good faith; (e) it is in the best interest of the Trustee, the Estate, creditors and other parties in interest for the Trustee to enter into the Settlement Agreement; and (f) good cause exists for the entry of this Order approving the terms of the Settlement Agreement in its entirety.

3.      The Settlement Agreement attached to the Motion is hereby approved, including, without limitation, all terms, provisions, rights and releases and any objection to the Trustee entering into the Settlement Agreement is hereby overruled.

4.      The Court hereby adopts, approves, and incorporates into this Order the provisions of the Settlement Agreement, including, without limitation, the recitals.

5.      Pursuant to the Settlement Agreement, each of the Anzo Parties have expressly waived any standing to be heard further in the Bankruptcy Case and any right that one or more of the Anzo Parties may have to file or assert any objection, claim, or right in the Bankruptcy Case, including, but not limited to, for the amount of the Settlement Payment or as to any other objection, right, or claim that may be asserted by one of more of the  Anzo Parties against the Debtor, the Estate, and/or the Trustee or in any way related to the Bankruptcy Case or the Adversary Proceeding. Any and all claims, rights, or objections of one of more of the Anzo Parties with regard to the Bankruptcy Case or in any way related to the Debtor, Estate, and/or Trustee, if any, are deemed denied, not allowed and are waived, released, extinguished and otherwise fully satisfied including, without limitation, any general unsecured claims.

6.      The Trustee is authorized to enter and consummate the Settlement Agreement, perform and make payments under the terms of the Settlement Agreement, provide the release contained in the Settlement Agreement, and take any and all steps in the sole discretion of the Trustee to complete and consummate the Settlement Agreement.

7.      This Court shall retain jurisdiction to resolve any and all disputes arising from this Order and the Settlement.

**[END OF ORDER]**

Prepared and Presented by:

LAW OFFICES OF HENRY F. SEWELL JR., LLC
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee
for the Estate of LaPrade's Marina, LLC, Debtor*

## CERTIFICATE OF SERVICE

This is to certify that on this date a true and correct copy of the foregoing *Motion For Approval of Compromise and Settlement* was served via the United States Bankruptcy Court for the Northern District of Georgia's Electronic Case Filing System to all registered parties who have filed appearances and requested notices in this case.

Respectfully submitted this 5th day of August, 2019.

LAW OFFICES OF HENRY F. SEWELL JR., LLC

*/s/ Henry F. Sewell, Jr.*
Henry F. Sewell, Jr.
Georgia Bar No. 636265
Buckhead Centre
2964 Peachtree Road NW, Suite 555
Atlanta, GA 30305
(404) 926-0053
hsewell@sewellfirm.com

*Counsel for S. Gregory Hays, as Chapter 7 Trustee for the Estate of LaPrade's Marina, LLC, Debtor*